IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LARRY EDWARD CARTER,         ) | CIVIL ACTION NO.: 2:06-cv-1114 |
|     Petitioner,         ) | CRIMINAL NO.: 2:03-320 |
|                            ) | |
| **vs.**         ) | |
|                            ) | **ORDER AND OPINION** |
| UNITED STATES OF AMERICA,         ) | |
|     Respondent.         ) | |
|                            ) | |

**BACKGROUND**

Petitioner ("Carter") was originally indicted on March 12, 2003, for being a convicted felon in possession of a firearm on April 24, 2002 (the "April 24 incident"). On April 19, 2004, Carter's jury trial commenced and on April 20, 2004, the court granted a mistrial for a variety of reasons. On May 12, 2004, the federal grand jury returned a Superseding Indictment that added the charge of possessing a firearm with an obliterated serial number to the original count in connection with the April 24 incident and added counts of possessing with the intent to distribute crack cocaine, carrying a firearm during and in relation to a drug trafficking crime, and a second felon in possession of a firearm count - all for events that occurred on July 8, 2002. On June 18, 2004, Carter moved to suppress the evidence gathered from his arrest and statements he made in connection with the July 8th incident, arguing that the search and questions yielding that evidence violated the United States Constitution.[1] Following a suppression

---

[1] In footnote 1 of Carter's Reply to the Government's Response he alleges that "petitioner was initially arrested by the State of South Carolina, however, the charge was

hearing held on August 18, 2004, the court issued an Order on October 5, 2004 (the "October 5th Order") denying petitioner's motion to suppress.

On August 18, 2004 (after the court orally informed the parties that it would deny Petitioner's motion to suppress), Carter pled guilty to Count 4 and Count 5 of the Superseding Indictment. On December 21, 2004, Carter was sentenced to a total term of imprisonment of 144 months.

After filing a timely notice of appeal on January 3, 2005, Carter's lawyer filed an *Anders* brief with the Fourth Circuit on April 15, 2005, wherein petitioner's counsel acknowledged that after reviewing the entire record in the case, she could find no error regarding this court's denial of Carter's motion to suppress. Carter failed to file an informal brief with the Fourth Circuit related to his appeal. On October 28, 2005, the Fourth Circuit affirmed the judgment of this court.

On April 12, 2006, petitioner filed the instant motion, seeking to vacate, set aside, or correct the sentence imposed by this court.

---

dismissed on violation of the Fourth Amendment of the United States Constitution for an illegal search and seizure. "Petitioner respectfully requests Judicial Notice: Petitioner amended his motion to vacate on April 24, 2006 via his pro se Motion for Evidentiary Hearing, in which he incorporated that counsel was ineffective during all stages of the federal criminal proceedings, and failed to raise the Elkins v. U.S., 364 U.S. 206 (1960) issue prior to trial and direct appeal. See **infra**." That allegation is a figment of petitioner's imagination. Carter's state case was dismissed because the case was adopted for prosecution by the United States. Carter's argument in his reply filed on June 20, 2006, that his attorney was ineffective for failure to argue the applicability of Elkins is based on a blatant misrepresentation to this court and is probably sanctionable, if not indictable.

ANALYSIS

Carter sets forth several claims for relief by way his motion. First, he asserts that the court erred in denying his motion to suppress the evidence seized and the statements he made following his arrest on July 8, 2002. Secondly, he appears to assert that the court erred by imposing a consecutive term of sixty months imprisonment pursuant to Title 18, United States Code, Section 924(c)(1)(a)(i), in addition to the sentence imposed for petitioner being a felon in possession of a firearm under Title 18, United States Code, Section 922(g)(1). Finally, Carter appears to assert that the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005) renders his sentence unconstitutional.

## **ISSUE ONE**

Petitioner first asserts Fourth and Fifth Amendment violations in relation to his arrest in a motel breezeway on July 8, 2002. The facts pertinent to these claims were the subject of an extensive suppression hearing held on August 18, 2004, which resulted in the October 5th Order whereby the court denied Carter's motion to suppress.

Most significantly, the Fourth and Fifth Amendment violations alleged by petitioner could have been raised on appeal, but were not, subjecting them to the following standard of review:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance

3

> of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence.

*United States v. Mikalajunas*, 186 F.3d 490, 492-93 (citations omitted); *also see Bousley v. United States*, 523 U.S. 614, 621-22, 118 S.Ct. 1604 (1998).

Petitioner alleges generally that he was denied his constitutional rights in the form of "an illegal search and seizure" and "a miranda violation", but fails to provide any specific evidence or other proof relating to these grounds in his petition. In addition, the validity of the officer's actions in arresting and searching him (and the validity of Carter's post-*Miranda* statements) was raised and thoroughly discussed prior to trial via the aforementioned suppression hearing. After hearing all of the evidence, this court concluded that none of petitioner's constitutional rights had been violated. Despite the *Anders* brief filed by Carter's counsel on appeal, he failed to personally raise any of these constitutional claims at that stage of the proceeding after being invited by the Fourth Circuit to do so.

Finally, Carter fails to assert any of the following: novelty of the claims, the ineffective assistance of counsel, or his actual innocence. Indeed, a review of the entire record reveals that with respect to these claims, Carter has totally failed to demonstrate the cause, prejudice, or inherent fundamental miscarriage of justice required to vacate his conviction.[2] *See Mikalajunas*, 186 F.3d at 492-93. Accordingly, this claim is without

---

[2] Further, Carter's Fourth Amendment claims cannot be raised in a § 2255 motion because he can not show that the alleged wrongful seizure induced his plea or made it

4

merit.

## ISSUE TWO

In the light most favorable to Carter, he appears to argue that because he received a consecutive sentence of sixty months for the section 924(c) violation in addition to the Guidelines sentence imposed for the violation of section 922(g)(1), this constituted impermissible "double counting". First, to the extent Carter relies on *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) in asserting that the government failed to prove that Petitioner "actively employed" the firearm in this case, said argument is wholly misplaced. Indeed, in the wake of *Bailey* Congress amended 18 U.S.C. § 924(c) in 1998 to criminalize the "possession" of a firearm "in furtherance of" certain crimes. Thus, whether or not Carter "actively employed" the firearm is wholly irrelevant.

Further, to the extent that Carter asserts that convictions for violations of both sections 924(c) and 922(g)(1) for the same underlying conduct results in impermissible double counting, this argument is also without merit. It is clear that section 924(c) and

---

involuntary. *Gioiosa v. United States*, 684 F.2d 176, 180-81 (1st Cir. 1982). Petitioner's conviction was solely based on his plea. He does not allege that his plea was coerced or made involuntary by the search and seizure of the evidence. Therefore, he may not collaterally attack a seizure of evidence. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *United States v. Johnson*, 634 F.2d 385, 386 (8th Cir. 1980) (per curiam); *Ortega-Velasquez v. United States*, 465 F.2d 419, 420 (5th Cir. 1972). This rule is part of a broader principle that a guilty plea operates to waive all nonjurisdictional defects that might be attacked in a § 2255 motion, *e.g., United States v. Johnson*, 634 F.2d 385, 386 (8th Cir. 1980); *United States v. Sepe*, 474 F.2d 784, 787-88 (5th Cir. 1973), *quoting United States v. Cox*, 464 F.2d 937, 940 (6th Cir. 1972).

section 922(g) each requires proof of an element that the other does not. Section 922(g)(1) requires proof (1) that the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that the defendant knowingly possessed, transported, shipped, or received, the firearm; and (3) that the possession of the firearm was in or affecting interstate commerce because the firearm had traveled in interstate or foreign commerce at some point during its existence. *See United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995). Section 924(c), by contrast, requires proof (1) that the defendant actively used or carried a firearm; (2) during and in relation to his commission of a crime of violence or drug trafficking crime. *See United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997). Thus, a violation of section 922(g) requires proof of an element that section 924(c) does not, i.e., that Carter was a previously convicted felon; and a violation of section 924(c) requires proof of an element that section 922(g) does not, i.e., active use or carrying of a firearm. Accordingly, each statutory provision includes an element that the other does not, and multiple punishments are allowable. *United States v. Johnson*, 219 F.3d 349, 359 (4th Cir. 2000); *United States v. Garrett*, 903 F.2d 1105, 1114-15 (7th Cir. 1990)

## **ISSUE THREE**

Petitioner appears to assert that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) renders the sentence imposed unconstitutional. Following the *Booker* decision, the Fourth Circuit has joined many other federal circuits in holding that, like *Apprendi* and *Blakely*, *Booker* announced a rule

6

of criminal procedure that may not be applied retroactively to a collateral challenge. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (holding that *Booker* is not retroactively applicable to cases on collateral review)

THEREFORE, Carter's Motion to Vacate, Set Aside, or Correct his sentence is **DENIED**.

**AND IT IS SO ORDERED**.

_____
David C. Norton
United States District Judge

July 12, 2006

Charleston, South Carolina